### McCLAVE *v.* STERNE *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. MORTGAGES—ASSIGNMENT—EVIDENCE.
    J. conveyed premises covered by a mortgage to S. An action was brought to foreclose the mortgage, whereupon J. purchased the same at less than its face value, and handed it to McG. and plaintiff to collect, they to repay him what he had paid out to protect himself, $3,216, and then to divide the balance of the proceeds, if any, between themselves. It appeared, however, that afterwards McG. procured J. to assign the mortgage to B. in consideration of $2,000, who in turn assigned the same to defendant without consideration, at the instance of McG., with whom McG. had business relations, and that defendant gave McG. his check for $2,000, who paid over the proceeds of the check to J. Afterwards, on redemption of the mortgage, by payment of $5,597.50, the court directed repayment of the $2,000 to defendant. Plaintiff sought to recover from defendant one-half the $2,000 in question as a balance over and above the amount due to J. *Held,* that the $2,000 was paid to J. in consideration of the transfer of the mortgage, and that the court erred in rendering judgment for plaintiff.

2. SAME—RIGHTS OF ASSIGNEE—IMMATERIAL FACTS.
    Whether the money represented by the check of defendant to McG. was defendant's own money, or that of McG. deposited with him, was immaterial with respect to plaintiff's demand, that being a question between defendant and McG.

3. SAME—WANT OF CONSIDERATION.
    Nor had the plaintiff any interest in questioning the propriety of the assignment of the mortgage by B. to defendant without consideration, after McG.'s death.

Appeal from special term, New York county.

Action by John McClave against Simon Sterne and another. From a judgment for plaintiff, defendant Sterne appeals. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*John Alex. Beall,* for appellant.    *Anderson Price,* for respondent McClave.
*S. V. Speyer,* for respondent McGurk.

VAN BRUNT, P. J.    This action was brought to recover upon an alleged
agreement between one John J. McGurk and the plaintiff.    The complaint
alleged that in the spring of 1886 the said McGurk was employed by one Mrs.
Louise Jarvis to prosecute the collection of a bond and mortgage on property sit-
uated in the city of New York, to secure the payment of the sum of $3,000;
that such employment was entered into by said McGurk upon the express under-
standing that he should have as pay for his services all moneys which might
be recovered over and above the sum of $3,266.90.    The complaint further
alleges that the plaintiff secured to said McGurk his employment as attorney
in said proceeding, and in consideration thereof it was agreed that said plain-
tiff should receive one-half of all the moneys realized upon said mortgage,
over and above the $3,266.90 aforesaid, and his employment by the owner of
said bond and mortgage was made upon that express condition, and was so
accepted by said McGurk; that said McGurk proceeded in his efforts to col-
lect or realize upon said bond and mortgage until his death, in February,
1888, and that in aid of his contract of employment he procured the assign-
ment of said bond and mortgage to one Brennan in April, 1886, which assign-
ment was wholly without consideration, and wholly for the purpose of carry-
ing out the contract aforesaid; that thereafter, and after the death of McGurk,
in July, 1888, said Brennan, at the instigation and procurement of the appel-
lant, Sterne, assigned the bond and mortgage to Sterne, which said assign-
ment was wholly without consideration on the part of Sterne; that thereafter
the owner of the premises upon which the mortgage was a lien, by leave of
the court, paid the amount due on said bond and mortgage, namely, $5,597.50,
into court, and the mortgage was discharged of record, and that thereafter
the appellant, Sterne, and the owner of the bond and mortgage, procured an
order of this court by which the sum of $3,266.90, agreed by said McGurk to
be paid to the owner in his life-time, was directed to be paid to her or her at-
torney, and the balance paid into court, namely, $2,330.60, was directed to be
paid to said Sterne, the defendant herein, as his attorney, and such payments
were made; and that said Sterne had notice of the plaintiff's claim upon said
bond and mortgage; and the plaintiff was entitled to receive one-half of the
sum received by said Sterne, namely, $1,165.30.    The answer of the defendant
denied the allegations of the complaint, except the existence of the bond and
mortgage in question, the payment of the amount into court, and the receipt
by said defendant of the sum alleged.    The court found the agreement sub-
stantially as alleged in the complaint, but that of the sum received by said
Sterne he was entitled to receive for his own account $150 counsel fee, and
$85 costs, and gave judgment in favor of the plaintiff for one-half of the
balance, viz., $1,047.80; and from the judgment thereupon entered this ap-
peal is taken.

Upon an examination of the evidence in this case, we think the learned
judge erred in the conclusions of fact which he drew from the evidence pro-
duced upon the trial; and a very brief examination of the evidence seems to us
to demonstrate the fact that no such agreement as was claimed in the complaint
was ever entered into by the owner of the bond and mortgage and McGurk and
the plaintiff, but that the sole agreement was that McGurk and the plaintiff
should divide the profits which might arise over and above the amount due upon
the bond and mortgage upon a sale of the premises upon which it was a lien.    It
appears from the evidence that in June, 1868, one William A. Whitbeck con-
veyed to Nathaniel Jarvis, Jr., certain premises, and took back a mortgage of
$3,000 to secure part of the consideration money on said purchase.    This mort-
gage is the investment in question.    In December, 1868, Jarvis and wife con-
veyed the said premises to one Mary J. Squires, subject to the mortgage in ques-

tion. In 1869, Whitbeck assigned the mortgage to one Bronk Van Loan. In December, 1876, Van Loan commenced an action against Mary J. Squires and her husband, and Nathaniel Jarvis, Jr., and others, for the foreclosure of this mortgage. On the 1st of January, 1878, Mr. Jarvis purchased said bond and mortgage, taking an assignment in the name of his wife, Mary L. Jarvis, but paying for the same out of his own money the sum of $3,216.50, being $3,000 principal and $120 costs and disbursements, and the balance seems to have been interest. Subsequent to this time, in or about 1886, Mr. Jarvis gave this bond and mortgage to McGurk to collect for him, who was an attorney introduced to him by the plaintiff. He told them if they would pay him the amount he had already paid, in order to save himself from a judgment of deficiency, stating the amount at $3,100 odd, that all that they realized, over and above that amount, he would let them divide between themselves, share and share alike. The arrangement with McGurk was that if he would, on a sale of the property, through the plaintiff and himself, realize sufficient to pay him the amount he had paid for several years, amounting to $3,100, with the accumulations of interest thereon, he would allow him and the plaintiff to divide it between themselves, share and share alike. In furtherance of that arrangement, Mrs. Jarvis assigned the bond and mortgage in April, 1886, at the instance of McGurk, to one Henry T. Brennan, the consideration expressed in the instrument being $2,000. It further appears that McGurk and the appellant, Sterne, had business relations together, and that about this time, on the 16th of April, 1886, said Sterne gave to said McGurk a check, payable to his own order, for $2,000, which he drew in cash. It further appears that McGurk paid to Jarvis, at or about this time, four $500 bills. It is true that Jarvis states that no consideration was paid to him on behalf of his wife on account of that assignment. But it seems to me, in view of the fact that Mr. Jarvis advanced his own money on the purchase of this bond and mortgage, and the fact that he received, at or about this time, $2,000 from McGurk, and that $2,000 was mentioned as the consideration of the assignment of that bond and mortgage to Brennan, who was to hold the same for McGurk, that the conclusion is irresistible, notwithstanding the fact that Mr. Jarvis, in another part of his testimony, states that this $2,000 had nothing to do with the assignment, that he did receive that sum on that account. And this conclusion is borne out by the fact that he further testified that McGurk and the plaintiff were to receive all over and above the amount due him. Now, the amount due him was $3,216.50, with interest from January 1, 1878; and it further appears that when the sum due on this bond and mortgage was paid into court, amounting to $5,597.50, by the consent of the parties, Mrs. Jarvis, who had made the assignment of the bond and mortgage to Brennan, was paid $3,266.90, and the appellant, Sterne, to whom Brennan had assigned the bond and mortgage, without consideration, was to receive $2,330.60. Thus the amount which Mrs. Jarvis was to receive was about the sum of $3,216.50, which Mr. Jarvis had advanced on the assignment of the bond and mortgage to her, with interest from January, 1878, to the time of the payment of the bond and mortgage, the $2,000 being credited thereon as of April, 1886; and the appellant was entitled to the $2,000 then paid, with interest to the time of the deposit into court; and, upon the settlement in respect to the division of these moneys, these are substantially the amounts received by the parties interested in the bond and mortgage. There was no profit to which the plaintiff could lay any claim whatever. There is no testimony throughout the case in conflict with this conclusion, and it harmonizes all the declarations which were testified to as being made by the various parties in connection with the transaction. Whether the moneys represented by the check of Sterne to McGurk were Sterne's moneys, or were moneys which McGurk had deposited with Sterne, to be kept for him, is entirely immaterial, so far as this controversy is concerned. That is a question between Sterne and the estate of McGurk. Nor

has the plaintiff any interest in questioning the propriety of the assignment of the bond and mortgage by Brennan to Sterne, without consideration, after McGurk's death. We think, therefore, that there was no evidence whatever to support the contention of the plaintiff, and that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

All concur.